UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| CURTIS LEACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TD BANK, N.A.; USAA FEDERAL SAVINGS ) | |
| BANK; BRIDGECREST CREDIT COMPANY; ) | |
| HUNTER WARFIELD INC.; STALLING MILLS ) | |
| APARTMENTS; LINCOLN PROPERTY ) | |
| GROUP d/b/a THE LANDING AT VINNIN ) | |
| SQUARE; FAIR COLLECTIONS & ) | |
| OUTSOURCING OF NEW ENGLAND, INC.; ) | CIVIL ACTION NO. 5:22-CV-00009-D |
| ASHLEY HOMESTORES, LTD.; ASHLEY ) | |
| HOMESTORE HOLDINGS, INC.; ) | |
| SYNCHRONY BANK; LEAD BANK; OKINUS, ) | |
| INC.; RAC ACCEPTANCE EAST, LLC d/b/a ) | |
| ACCEPTANCE NOW; RENT-A-CENTER d/b/a ) | |
| ACIMA CREDIT, LLC; SANTANDER ) | |
| CONSUMER USA; CAPITAL AUTO FINANCE ) | |
| INC.; CAPITAL ONE; MATTHEW MOTORS ) | |
| CLAYTON; LEITH CHRYSLER PLYMOUTH ) | |
| JEEP/EAGLE, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

THIS MATTER is before the Court on Defendants RAC Acceptance East, LLC d/b/a AcceptanceNOW ("AcceptanceNOW") and Rent-A-Center, Inc. d/b/a Acima Credit's ("Acima," together with AcceptanceNOW referred to as the "Rent-A-Center Defendants") Motion to Compel Arbitration and Dismiss (or Stay) Case (Doc. No. 78) and Memorandum in Support (Doc. No. 79).

After a review of the record, the Court FINDS as follows:

1. Plaintiff Curtis Leach ("Leach") executed at least two contracts with the Rent-A-Center Defendants containing arbitration provisions.

2. The first contract between Leach and AcceptanceNOW (the "AcceptanceNOW Agreement") was executed on or about October 31, 2015, and a copy of this contract is attached as Exhibit 1 to the Declaration of Steven Stark. (Doc. No. 79-2).

3. The AcceptanceNOW Agreement contains an arbitration provision stating that "**An Arbitration Agreement comes with and is incorporated into this rent-to-own agreement. You should read the Arbitration Agreement before signing this agreement.**" (Doc. No. 79-2, p. 1) (emphasis in original).

4. The companion Rent-A-Center/AcceptanceNOW Consumer Arbitration Agreement (the "AcceptanceNOW Arbitration Agreement") provides as follows:

> **PLEASE READ THIS ARBITRATION AGREEMENT. IT IS BINDING AND ENFORCEABLE UNLESS YOU SEND IN A REJECTION NOTICE, AS SET FORTH IN PARAGRAPH (A) BELOW.**
>
> \*\*\*
>
> **(A) Your Right to Reject:** If you want to reject this Arbitration Agreement, you must send a written Rejection Notice, by certified mail, return receipt requested, to: Rent-A-Center Legal Department, 5501 Headquarters Drive, Plano, TX 75024-5837. . . .
>
> **(B) What Claims Are Covered:** You and RAC[1] agree that, in the event of **any dispute or claim between us**, either you or RAC may elect to have that dispute or claim resolved by binding arbitration. This agreement to arbitrate is intended to be interpreted as broadly as the FAA allows. Claims subject to arbitration include, but are not limited to:
> - claims arising under, arising out of, or relating in any way to any Consumer Contract entered into between you and RAC at any time, and/or any services rendered under or that relate to any such Consumer Contract;

---

[1] The Arbitration Agreement defines RAC to include "Rent-A-Center, its parents, subsidiaries, affiliate entities (including but not limited to Acceptance Now), predecessors or successors in interest, officers, directors, employees, assigns, or agents acting in such capacity." (Stark Decl., Ex. 2, p. 1).

2

- claims that arise after the termination of any Consumer Contract between you and RAC;
- claims that are based on any legal theory whatsoever, including negligence, breach of contract, tort, fraud, misrepresentation, trespass, the common law, or any statute, regulation or ordinance;
- except as specified in Paragraph (C) below, claims that are asserted in a lawsuit in court, including class actions in which you are not a member of a certified class, which the defendant (or counterclaim defendant) elects to have resolved by binding arbitration; and
- except as specified in Paragraph (D) below, any and all disputes relating to the interpretation, applicability, enforceability or formation of this Agreement, including, but not limited to, any contention that all or any part of this agreement to arbitrate is void or voidable.

(Doc. No. 79-3, p. 1-2) (emphasis in original).

5. The AcceptanceNOW Arbitration Agreement provides that it is governed by the Federal Arbitration Act (FAA) and by its own terms, "evidences a transaction involving interstate commerce." (Doc. No. 79-3, p. 1).

6. The AcceptanceNOW Arbitration Agreement gives customers such as Leach the opportunity to opt out of arbitration and explains what that process is. (Doc. No. 79-3, ¶ A).

7. Leach never sent written notice as required under the agreement to reject the AcceptanceNOW Arbitration Agreement. (Doc. No. 79-1, ¶ 5).

8. The second contract, which is between Leach and Acima, was executed on or about April 25, 2020 (the "Acima Agreement").

9. The Acima Agreement likewise contains an arbitration provision, stating in relevant part:

3

**14. JURY TRIAL WAIVER AND ARBITRATION CLAUSE.** By signing, you agree to this Jury Trial Waiver and Arbitration Clause ("Clause").
**Background and Scope.**

| What is arbitration? | An alternative to court. | In arbitration, a third party ("Arbiter") solves Disputes in a hearing ("hearing"). You, related third parties, and we, waive the right to go to court. Such "parties" forgo jury trials. |
|---|---|---|
| Is it different from court and jury trials? | Yes. | The hearing is private and less formal than court. Arbiters may limit pre-hearing fact finding, called "discovery." The decision is final. Courts rarely overturn Arbiters. |
| Who does the Clause cover? | You, Us, and Others. | This Clause governs the parties, their heirs, successors, assigns, and third parties related to any Dispute. |
| Which Disputes are covered? | All Disputes. | In this Clause, the word "Disputes" has the broadest possible meaning. This Clause governs all "Disputes" involving the parties. This includes all claims even indirectly related to your application and agreements with us. This includes claims related to information you previously gave us. It includes all past agreements. It includes, as may be applicable, any additional periods, extensions, renewals, and plans. It includes claims related to damaged property, buyout, reinstatement, loss, damage, warranty, maintenance, collection, possession, privacy, and customer information. It includes claims related to setting aside this Clause. It includes claims about the Clause's validity and scope. It includes claims about whether to arbitrate. |

(Doc. No. 79-4, ¶ 14).

10. The arbitration provision in the Acima Agreement "governs all 'Disputes' involving the parties." (Doc. No. 79-4, ¶ 14). The clause goes on to clarify "[t]his includes all claims even indirectly related to your application and agreements. This includes claims related to information you previously gave us. It includes past agreements." (Doc. No. 79-4, ¶ 14). The clause specifically governs "claims related to damaged property, buyout, reinstatement, loss, damage, warranty, maintenance, collection, possession, privacy, and customer information." (Doc. No. 79-4, ¶ 14). Finally, the arbitration provision covers disputes as to the enforceability or validity of the arbitration provision itself. (Doc. No. 79-4, ¶ 14).

11. As with the AcceptanceNOW Agreement, the arbitration provision found in the Acima Agreement notes that "[t]his transaction involves interstate commerce," and is therefore governed by the FAA. (Doc. No. 79-4, ¶ 14).

12. The arbitration provision likewise grants customers an opportunity to opt out of arbitration if the customer provides written notice within thirty (30) days of executing the agreement. (Doc. No. 79-4, ¶ 14).

13. Leach did not opt out of the arbitration provision in the Acima Agreement, either. (Doc. No. 79-1, ¶ 8).

4

14. Both the AcceptanceNOW Agreement and Acima Agreement are transactions involving interstate commerce. *See* (Doc. No. 79-1) (indicating that funding to execute the agreements originated from and was transacted between parties located in different states).

15. Under Local Civil Rule 7.1(f)(1), Leach's time to respond to the Rent-A-Center Defendants' Motion to Compel Arbitration and Stay Case expired on February 23, 2022. To date, no response has been docketed.

16. Leach has not disputed the validity of the AcceptanceNOW Agreement or the Acima Agreement, nor has he argued any grounds at law or in equity that would support revocation of the agreements.

17. The Rent-A-Center Defendants have provided sufficient evidence showing the existence of multiple contracts between Leach and the Rent-A-Center Defendants, that such contracts involve commerce, and there is no evidence indicating there is a basis at law or in equity to set aside or revoke either of the contracts.

IT IS THEREFORE ORDERED:

    A. That the AcceptanceNOW Agreement and Acima Agreement contain valid and binding arbitration provisions that are enforceable under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*;

    B. That the Rent-A-Center Defendants' Motion to Compel Arbitration And Stay Case is GRANTED.

SO ORDERED. This \_\_12\_\_ day of July, 2022.

JAMES C. DEVER III
United States District Judge

5