# EXHIBIT B

STATE OF NEW HAMPSHIRE
JUDICIAL BRANCH
HILLSBOROUGH SUPERIOR COURT – SOUTHERN DISTRICT
CASE NO: 226-2022-CV-00320

CURTIS LEACH
V.
ACCEPTANCE NOW AKA RAC ACCEPTANCE EAST, ET AL

## AMENDED COMPLAINT

TO THE HONORABLE COURT:

Now Comes Curtis Leach, "Plaintiff' herein pursuant to the New Hampshire Rules of Civil Procedure & New Hampshire District Court Rules as he files his amended complaint in the above entitled case against the Defendants. The Plaintiff is entitled to present this amended complaint due to the Clerk's Notice of Decision Dated On October 18, 2022:

## PRO SE LITIGANT COMPLAINT LEGAL STANDARD

A document filed by a pro se party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.") However, while pro se complaints "are accorded 'an extra degree of solicitude' ... even a pro se plaintiff is required to 'set f01ih factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Wright v. Town of Southbridge, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting Adams v. Stephenson, 1997 WL 351633, at *1 (1st Cir. June 23, 1997)).

The Plaintiff does acquire evidence that the Defendants did indeed violate the law within several torts and has engaged in activity(ies) that that been deceptive, unfair, unreasonable while attempting to collect a debt and engaging in unfair and deceptive trade while at the same misrepresenting the status of the debt. This evidence ultimately holds them liable for damages. The evidence is also within the statute of limitations and because of this, Plaintiff is owed damages. The Plaintiff is currently a citizen of New Hampshire and he requesting that the Court awards him damages that he states has been inflicted since March 2022. The amended complaint is as follows:

## COUNT I
## VIOLATIONS OF RSA 358-C: UNFAIR, DECEPTIVE, AND
## UNREASONABLE PRACTICE ACT ALSO KNOWN AS THE STATE ACT

The State Act also known as RSA 358-C covers debt collection activities against consumers arising out of "consumer debts" incurred primarily for personal, family or household purposes. This covers nearly the whole range of personal transactions for which a consumer may incur

debt, including retail financing, credit card purchases, auto loans, and mortgages. No minimum or maximum dollar amount triggers or cancels the protections available under either statute. The State Act provides protections for consumers. Debt collectors who are operating in New Hampshire must comply with the requirements of the State Act. According to RSA358-C:2: No debt collector shall collect or attempt to collect a debt in an unfair, deceptive, or unreasonable manner as defined in this chapter. In essence, the named Defendants has violated the Plaintiff's rights under UDUCPA, RSA 358-C, also known as the State Act in pursuit of attempting to enforce an obligation that is alleged to be owed and due by the undersigned. The UDUCP A "is the 'state-law analog' to the federal FDCP A. 11 La Course, 2015 WL 1565250, at *12 (internal quotation marks and citation omitted). Similar to a claim under the FDCP A, in order to recover under the UDUCPA, a plaintiff must show that 1) the plaintiff has "been the object of collection activity arising from a consumer debt"; 2) the defendant is a debt collector as defined by the UDUCP A 1[1]; and 3) "the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the" UDUCPA. Pruden v. CitiMortgage, Inc., No. 12-cv452-LM, 2014 WL 2142155, at *8 (D.N.H. May 23, 2014) (internal quotation marks and citations omitted). The Plaintiff meets and is able to prove these elements. "Given the dearth of case law on the UDUCPA, FDCPA cases are useful in interpreting the UDUCPA because the FDCPA contains provisions similar to the UDUCP A. 11 La Course, 2015 WL 1565250, at *12 (internal citations, quotation marks, and alteration omitted).

According to the page 72, New Hampshire Consumer Sourcebook, gives an example of what a scenario would look like if a person was a debt collector and had violated RSA 358-C, the example is as follows:

> EXAMPLE: Dr. Helper's office manager, Toni True, is in charge of collecting on past due accounts. Toni tries to be as understanding as possible but the doctor has bills to pay too. When Dr. Helper gets complaints about the overly zealous measures Toni uses to collect debts owed by patients, she discovers that Toni's actions are covered by the State Act, although not by FDCPA.

In this example, Toni True is a debt collector and she is collecting debt from patrons, or in this

---

[1] 358-C:1 Definitions. -

1."Consumer" means a natural person who seeks or acquires, or is offered property, services or credit for personal, family or household purposes.

II. "Consumer credit transaction" means a transaction between a creditor and a consumer in which real or personal property, services, money or a form of money is acquired on credit and the consumer's obligation is payable in 4 or more installments or for which credit a finance charge is or may be imposed. The term includes consumer credit sales, consumer loans, consumer leases of personal property and transactions pursuant to a seller or lender credit card, but shall not include leases of real property.

III. "Consumer transaction" means a transaction between a consumer and a person who sells, leases or provides property, services or credit to consumers.

VI. "Debt" means any obligation or alleged obligation arising out of a consumer transaction.

VII. "Debtor" means a person who owes or allegedly owes an obligation arising out of a consumer transaction.

VIII. "Debt collector" means:

(a) Any person who by any direct or indirect action, conduct or practice enforces or attempts to enforce an obligation that is owed or due, or alleged to be owed or due, by a consumer as a result of a consumer credit transaction; or

(b) Any person who, for any fee, commission or charge other than wages or salary, engages in any direct or indirect action, conduct or practice to enforce or attempt to enforce an obligation that is owed or due, or alleged to be owed or due, by a consumer as a result of a consumer transaction; or

(c) Any person who, pursuant to an assignment, sale or transfer of a claim against a consumer, engages in any direct or indirect action, conduct or practice to enforce an obligation that is owed or due, or alleged to be owed or due, by a consumer as a result of a consumer transaction.

IX."Finance charge" means a charge such as interest, fees, service charges, discounts and other charges associated with the extension of credit.

X."Person" means an individual, corporation, trust, partnership, incorporated or unincorporated association or any other legal entity.

case patients, on behalf of her employer because the accounts are past due. The patients are debtors because they owe money on those past due accounts. The type of transaction that is in this example is a consumer transaction because Dr. Helper provided medical services to those patients. These past due accounts for medical services are not loans. They were fees for services rendered. Then Tori behaves over zealously while attempting to collect these debts. While we do not know what these overly zealous measures are, what we do know is that the example states that Toni's actions are covered by the State Act and not covered by FDCP A and based on this we know that whatever she did violated RSA 358-C also known as the State Act.

It is the position of the Plaintiff that the Defendants engaged in activity that was overly zealous and prohibited by RSA 358-C based on a consumer transaction and a credit transaction between the two parties. Thus, the named Defendants are debt collectors under RSA 358-C:1,VIII & to them the named Plaintiff is considered a debtor under RSA-C: 1,VII. The Defendants have been in pursuit of attempting to enforce an obligation that was owed and due to them but violated RSA 358-C by performing the following acts:

1. Since March 2022, the Defendants have been violating RSA 358-C:3, I (d) on multiple occasions by sending and using written communication in which fails to clearly identify the name of the debt collector, the name of the person (as defined in RSA 358-C:l, X) for whom the debt collector is attempting to collect the debt, and the debt collector's business address by sending those correspondences to the Plaintiffs that failed to deliver the previously described information in the following manner:

   a. When it comes to AcceptanceNow AKA RAC Acceptance East, the Plaintiff did business with the Defendant regarding rent-to-own furniture per account ending in 4502620. AcceptanceNow claimed that the Defendant was owed approximately $3,000 per the rental agreement. On March 2022 & April 2022, AcceptanceNow sent the Plaintiff debt collection emails and letters that were for the purposes of collecting a debt from the Plaintiff that did not have the Plaintiffs name nor did the Defendant have their business address within the correspondences while the Plaintiff while the Plaintiff was a citizen of New Hampshire. Thus, these correspondences violate RSA 358-C:3, I(d);

   b. When it comes to Synchrony Financial DBA Synchrony Bank, the Plaintiff had a credit card arrangement in conjunction with Ashley Furniture Industries DBA Ashley Homestores LTD per account ending in account ending in 9379. This business transaction resulted in the purchase of furniture and the account balance at the time was at $200. Within the months of April 2022 & May 2022, the Defendants, Synchrony Financial & Ashley Furniture sent debt collection notices to the Plaintiff via email and first-class mail that does not have their business address within the correspondence. Also, the correspondences does not address the Plaintiff by his name. These correspondences were sent to the Plaintiff while the Plaintiff was a citizen of New Hampshire which violates RSA 358-C:3, I(d);

   c. When it comes to USAA Federal Savings Bank, the Plaintiff did business with the Defendant by way of credit card accounts ending in 1957 & 1356. During their

business relationship, they sent debt collection notices to the Plaintiff asking for him to pay approximately $4,000. These correspondences were sent via email and first-class mail that does not have their business address within the correspondence. Also, the correspondences does not address the Plaintiff by his name. These documents were sent to the Plaintiff within the month of March 2022 & April 2022 while the Plaintiff was a citizen of New Hampshire. Thus, these correspondences violate RSA 358-C:3, I(d);

    d. When it comes to Amica Credit, LLC DBA Acima Digital & Acima Solutions, LLC, the Plaintiff did business with the Defendant by way of a lease agreement for products and services regarding account ending in 5524. During their business relationship, they have sent debt collection notices to the Plaintiff via email and first-class mail asking for approximately $700 that does not have their business address within the correspondence. Also, the correspondences does not address the Plaintiff by his name. These documents were sent to the Plaintiff within the month of March 2022, April 2022, & May 2022 while the Plaintiff was a citizen of New Hampshire. Thus, these correspondences violate RSA 358-C:3, I(d);

    e. When it comes to Okinus, Inc., the Plaintiff did business with the Defendant by way of a lease agreement for products and services regarding account ending in 6453. During their business relationship, they have sent debt collection notices to the Plaintiff via email and first-class mail that does not have their business address within the correspondence. These documents stated that approximately $2,300 was owed while also not addressing the Plaintiff by his name. These documents were sent to the Plaintiff within the month of March 2022, April 2022, & May 2022 while the Plaintiff was a citizen of New Hampshire. Thus, these correspondences violate RSA 358-C:3, I(d);

2. What is interesting about these accounts is that all of the supposed debts that the Defendants claim are owed have been either settled or paid in full. Thus, the Plaintiff does not owe any outstanding debts to any Defendants within this case while receiving debt collection correspondences.

### ELEMENTS OF UDUCP A VIOLATIONS TO BE SHOWN
### IN ORDER FOR THE PLAINTIFF TO PREVAIL ON THE MERITS

In order to recover under the New Hampshire UDUCPA, the plaintiff(s) must show, through a preponderance of evidence, that: (1) they have been the object of collection activity arising from a consumer debt; (2) the defendant(s) attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant(s) has engaged in a prohibited act or has failed to perform a requirement imposed by the Act. See Moore v. Mortg. Elec. Registration Sys., Inc., 848 F. Supp. 2d 107, 124 (D.N.H. 2012); Beadle v. Haughey, 2005 DNH 16, at 7; Dionne et al v. Federal National Mortgage Association et al.

Every Defendant within this case meets the aforementioned criteria and this they are liable for damages for violating the New Hampshire UDUCPA.

## REMEDIES

According to RSA 358-C:4, any debt collector who violates the provisions of this chapter shall be liable in any court of competent jurisdiction to the debtor for one of the following, whichever is greater: (a) In an action brought by and on behalf of an individual debtor only, the sum of $200 plus costs and reasonable attorney's fees for each violation, or (b) For all damages proximately caused by the violation. The Defendants have imposed a plethora of UDUCPA violations. The Plaintiff is asking for relief in the amount of $200 per violation or for all damages proximately caused by the violations plus reasonable costs and fees. Also the Plaintiff is requesting damages in accordance with RSA 358-A:10 and RSA 358-A:2 for every violation of RSA 358-C in an amount equal to or exceeding $10,000.

## COUNT II: VIOLATIONS OF THE CONSUMER PROTECTION ACT

The Consumer Protection Act "is a comprehensive statute designed to regulate business practices for consumer protection by making it unlawful for persons engaged in trade or commerce to use various methods of unfair competition and deceptive business practices." Chase v. Dorais, 122 N.H. 600, 601, 448 A.2d 390, 391 {1982). The very words contained in the statute indicate that the act's proscriptions are to be broadly applied. Gilmore v. Bradgate Assocs, 135 N.H. 234, 238 (N.H. 1992). RSA 358-A:2 states that it shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." To determine whether the Consumer Protection Act applies to a particular transaction, we analyze the activity involved, the nature of the transaction, and the parties to determine whether a transaction is a personal or business transaction. See Begelfer v. Najarian, 409 N.E.2d 1672 176 (Mass. 1980).

There are three requirements for the Plaintiff to obtain relief under the Consumer Protection Act: the plaintiff must prove that:

1) The Defendant(s) is a person;
2) The Defendant(s) used an unfair method of competition or a deceptive act or practice; and
3) The act occurred in trade or commerce. RSA 358-A:2 (1995 Supp. 2000)

The Defendants violated RSA 358-A:2 entitled, Acts Unlawful and such unfair or deceptive acts or practices includes the following:

a.  Each Defendant within this case is considered a person under the New Hampshire Consumer Protection Act

b.  Each Defendant has invoked unfair deceptive acts and/or practices which were stated within Count I;

c.  These acts occurred in trade or in commerce which was described within Count I

d.  Any violation of the provisions of RSA 358-C/State Act/UDUCPA shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2 in accordance

with RSA 358-C:4, VI.

## LEGAL RECOURSE

The CPA broadly defines who may bring a private action as any person injured by another's use of any method, act or practice declared unlawful under this chapter. RSA 358-A:10, I; Milford Lumber Co., 147 N.H. at 17. "Person" also is defined broadly to include natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entity. Id. "Additionally, the legislature's purpose in enacting the CPA supports our plain meaning analysis. The purpose of the CPA is to provide broad protection for consumers. Hughes v. DiSalvo, 143 N.H. 576,578 (1999). Accordingly, although the defendants correctly note that RSA chapter 356, like the CPA, uses the phrase "any person injured" to describe who may bring suit, see RSA 356:11, II, we cannot interpret a phrase in a statute without regard for the context in which it is found. In the context of the CPA, which is to be construed broadly, Hughes, 143 N.H. at 578, "any person injured" must encompass consumers, who are often the ultimate purchasers of goods and services in the marketplace."

## RASCALITY TEST

In determining which actions not specifically delineated are covered by the act, we have employed the "rascality" test. Id. at 263. Under the rascality test, the objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce. Hobert, 155 N.H. at 402. The Plaintiff is confident that the Court will be able determine that Defendants violated RSA 358-A on multiple occasions.

## REMEDIES

If the court finds for the plaintiff, recovery shall be in the amount of actual damages or $1,000, whichever is greater. If the court finds that the use of the method of competition or the act or practice was a willful or knowing violation of this chapter, it shall award as much as 3 times, but not less than 2 times, such amount. In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court. Any attempted waiver of the right to the damages set forth in this paragraph shall be void and unenforceable.

Injunctive relief shall be available to private individuals under this chapter without bond, subject to the discretion of the court. Upon commencement of any action brought under this section, the clerk of the court shall mail a copy of the complaint or other initial pleadings to the attorney general and, upon entry of any judgment or decree in the action, shall mail a copy of such judgment or decree to the attorney general.

WHEREFORE, the Plaintiff, Curtis Leach requests that the Court grant the following relief:

A. Issue Judgment for the Plaintiff in the amount of $10,000 or more;
B. Grant any additional relief that is deemed by the Court to be just and equitable;

Dated: November 16, 2022

Respectfully Submitted,

*Curtis L. Leach*
Curtis Leach
138 Ash Street, Apt A
Nashua, NH 03060
Phone: 603-320-8588
Email: curtis.l.leach@outlook.com

## CERTIFICATE OF SERVICE

We hereby certify that on this day, a true copy of the foregoing and attachments, if any, were forwarded on the opposing parties within this case through their attorney(s) via the Court's service of process rules, regulations, and procedures.

Dated: November 16, 2022

                                Respectfully Submitted,

                                  *Curtis L. Leach*

                                  Curtis Leach

                                  138 Ash Street, Apt A

                                  Nashua, NH 03060

                                  Phone: 603-320-8588

                        Email: curtis.l.leach@outlook.com