IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-cv-00009-D

**Curtis Leach**,

    Plaintiff,

v.

**TD Bank, N.A., et al.**,

    Defendants.

**Memorandum & Recommendation**

In July 2022, the court ordered Plaintiff Curtis Leach, who is proceeding pro se, to submit his claims against several Defendants to arbitration. Over a year later, one of those Defendants, Bridgecrest Credit Company, asked the court to dismiss Leach's claims since he had failed to file a demand for arbitration against it.

Leach, however, responded that he began the arbitration process shortly after the court ordered him to do so. And he provided documentation to back up that claim. He blames the American Arbitration Association for any delay in the arbitration process.

But Bridgecrest and Defendants Rent-A-Center and RAC Acceptance East say that Leach fabricated the documents that he submitted to the court. And they provide sworn statements and documentation from AAA to support their position. They argue that the court should sanction Leach by dismissing his Complaint.

## I.    Background

In November 2021, Leach sued several defendants in North Carolina Superior Court for violating state and federal law and engaging in a civil conspiracy. Compl., D.E. 1–4. After Defendant Rent-A-Center removed the case to federal court, multiple Defendants asked the court

to compel Leach to submit his claims to arbitration. Mot. to Compel, D.E. 78. The court granted that request in July 2022. Order, D.E. 133; Order, D.E. 134.

Over a year later, in September 2023, Bridgecrest asked the court to dismiss Leach's claims with prejudice due to his failure to prosecute. Mot. to Dismiss, D.E. 142. It contended that Leach had "taken no steps to initiate arbitration since the Court entered its order in July 2022." Mem. in Supp. of Mot. to Dismiss at 3, D.E. 143.

Leach responded to Bridgecrest's motion on October 31, 2023. Resp. to Mot. to Dismiss, D.E. 145. He claimed that he submitted a request for arbitration to AAA in July 2022 and was waiting for a response. *Id.* ¶ 3–4. Attached to his response were confirmation pages indicating that he initiated two arbitration proceedings on July 15, 2022. D.E. 145–1 at 2–5. The first proceeding was assigned case number 01–22–0004–9105 and the second was assigned case number 01–22–0004–9106. *Id.* He said that since those filings he "has been waiting for a response on the next steps of the arbitration process[.]" Resp. in Opp. to Mot. to Dismiss at 2.

Bridgecrest urged the court to reject Leach's claim that he had complied with the court's order. It noted that one printout Leach submitted to the court showed, in the upper-left-hand corner, that it had been saved or printed on July 15, 2022, at 9:20 a.m., but the document also showed, in the middle of the page, that AAA received the request on July 15, 2022, at 9:33 a.m.—13 minutes later. D.E. 145–1 at 4. It is impossible, Bridgecrest argues, for Leach to have printed or saved a confirmation page of filing an arbitration claim 13 minutes before the filing occurred. Reply to Mot. to Dismiss at 2 & n.1, D.E. 146.

It also shared with the court that its attorneys had contacted AAA, whose representatives confirmed that Leach had not filed for arbitration in July 2022. *Id.* Instead, according to Bridgecrest's attorneys, AAA's records reflected that Leach filed an arbitration request on

2

October 30, 2023—the day he sent his response to Bridgecrest's motion to dismiss to the court. *Id.* That action was assigned case number 01–23–0004–9105. Dec. of Diane Pappayliou ¶ 11, D.E. 146–1. That case number differs by only one digit—the number reflecting whether it was filed in 2022 or 2023—from the case number on Leach's documents.

Bridgecrest, now joined by Rent-A-Center and RAC Acceptance East,[1] asked the court to require Leach to show cause why he should not be sanctioned for falsifying documents. Mot to Show Cause, D.E. 147. The court granted the motion and required Leach to appear and address whether he fabricated evidence and, if he did, what sanction the court should impose. Jan 8, 2024 Order, D.E. 151

This court held a show cause hearing in January 2024. D.E. 151. The court placed Leach, who appeared by video, under oath. Hr'g Tr. at 5:2–4. D.E. 157. The court then confirmed that Leach understood he was under oath and could face prosecution for perjury should he make a false statement. *Id.* 5:5–9. Leach then stated several times that the documents attached to his response were not fabricated, *id.* 7:17–21, and that he received them from AAA in 2022 when he initiated arbitration, *id.* 6:6–16, 12:19–22.

Following the hearing, the court allowed the parties to engage in limited discovery on the questions before it. Order, D.E. 155. After completing that discovery, the parties had the opportunity to submit supplemental briefing. *Id.*

Defendants' supplemental brief argued that discovery bolstered their claims about Leach's fabrication of evidence and his failure to comply with the June 2022 order. Suppl. Mem. in Supp. of Mot. to Show Cause, D.E. 156.

---

[1] Although there are many Defendants in this case, for ease of reference, this opinion will use Defendants to refer to these three entities.

They submitted a declaration from Kelly Turner, Senior Counsel at AAA, that discussed Leach's interactions with that organization. D.E. 156–2. Turner stated the case numbers Leach provided are not associated with any case filed with AAA. *Id.* ¶ 4. She also confirmed there is no record of Leach filing anything with AAA in July 2022. *Id.* ¶ 5. But there is a record of Leach filing a request to initiate arbitration on October 30, 2023. *Id.* ¶ 6. AAA alleges it has no reason to believe it made any errors in processing Leach's documents or in providing Leach with filing dates and case numbers. *Id.* ¶ 9. Turner also noted that AAA had closed Leach's case in December 2023 because he failed to file the necessary documents to proceed. *Id.*

Leach did not respond to Defendants' supplemental filing.

**II.    Discussion**

Leach contends that this matter should not be dismissed since he filed an arbitration request with AAA in a timely manner. Defendants respond that Leach, in an effort to avoid dismissal of his case, forged the documents allegedly confirming his submission of an arbitration request. The court agrees with Defendants and recommends the District Court grant the motion to dismiss with prejudice.

To begin with, the undersigned must determine whether Leach complied with the court's order requiring him to submit this matter to arbitration. The record establishes that he did not. AAA has no record of him filing anything with it until October 30, 2023. And the documents Leach submitted to the court are obvious fabrications. There is no way he could have printed or saved a document confirming he submitted a request for arbitration 13 minutes before that submission allegedly occurred. It is clear that, facing a deadline to respond to the motion to dismiss, Leach began an arbitration proceeding on October 30, 2023, and then modified the

4

confirmation page he received to make it appear that he had done so in 2022. His statements to the contrary are patently false and perjurious.

Since Leach did not comply with the court's June 2022 Order, the court must decide what to do about his non-compliance. The Federal Rules allow a court to dismiss an action for failure to comply with its orders. Fed. R. Civ. P. 41(b). But there are four factors a court in the Fourth Circuit must consider before doing so. *Ballard* v. *Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

The first factor is the non-moving party's "degree of personal responsibility" for the failure to comply. *Id.* (citing *Chandler Leasing Corp.* v. *Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)). Here Leach bears full and sole responsibility for his failure to initiate arbitration proceedings against Defendants. He has not provided any credible evidence that would justify blaming anyone else for this failure or excuse his failure to act.

Second, the court must consider "the amount of prejudice caused the defendant[.]" *Id.* The Defendants have been severely prejudiced in two ways. First, they have endured a nearly two-year delay in resolving this action. And second, they have had to incur unnecessary expenses in investigating and addressing Leach's false claims that he complied with the court's order.

The third factor, "the existence of a history of deliberately proceeding in a dilatory fashion," favors dismissal. *Id.* Leach's conduct had unnecessarily drawn out this action. He delayed this action's resolution by ignoring his obligation to comply with the court's order. And then, rather than owing up to that fact, he required the court and the parties to expend time and resources uncovering and addressing his failure to do so.

And the final factor looks at whether the court can impose "a sanction less drastic than dismissal." *Id.* Given that Leach disregarded a court order, fabricated evidence, and perjured himself, no sanction short of dismissal is appropriate.

Thus, the undersigned concludes that it is appropriate for the district court to dismiss this action because of Leach's failure to comply with the July 2022 Order. And in light of the willfulness of both his failure to comply and his attempts to deceive the parties and the court, this action should be dismissed with prejudice.

## III. Conclusion

For the reasons stated above, the undersigned recommends the district court grant the motion to dismiss (D.E. 142) and dismiss Leach's case with prejudice.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: June 4, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge